IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY URCH, JR., )<br>      Petitioner, )<br>)<br>      v. )<br>DANIEL P. BURNS, )<br>et al., )<br>      Respondents. ) | CIVIL ACTION NO. 13-259<br>Judge Arthur J. Schwab |

## OPINION

On January 27, 2015, this court issued a Memorandum Opinion and Order [ECF Nos. 53 & 54] in which it denied each of the claims for federal habeas relief raised by Petitioner, Wesley Urch, Jr., denied a certificate of appealability, and closed this case. Petitioner then filed a request for a certificate of appealability with the United States Court of Appeals for the Third Circuit, which that court denied on October 2, 2015.

Now pending before the Court is Petitioner's motion for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. [ECF No. 67]. For the reasons set forth below, the motion is denied in part and dismissed for lack of jurisdiction in part.

**I.**

28 U.S.C. § 2254 confers jurisdiction upon a district court to consider an application for a writ of habeas corpus filed by a state prisoner. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which, among other things, established stringent procedural and substantive requirements that an applicant must satisfy in order to file a "second or successive" habeas corpus petition with a district court. AEDPA's "gatekeeping" mechanisms, Robinson v. Johnson, 313 F.3d 128, 129 (3d Cir. 2002) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)), pertaining to second or successive petitions are codified at 28 U.S.C.

1

§ 2244(b). Among other things, AEDPA requires that *before* filing a "second or successive" petition with the district court, an applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Importantly, a district court lacks subject matter jurisdiction over an unauthorized second or successive petition. Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam). See, e.g., Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005); BRIAN R. MEANS, Federal Habeas Manual § 11:8, WestlawNext (database updated June 2015). If the applicant did not obtain authorization from the court of appeals to file the petition, a district court within the Third Circuit may dismiss it for lack of jurisdiction. Robinson, 313 F.3d at 139. See also Federal Habeas Manual § 11:81.

To avoid AEDPA's second or successive gatekeeping requirements, an applicant seeking habeas relief will sometimes raise claims in what he designated as a Rule 60(b) motion. An applicant seeking habeas relief "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition ... as something other than what it is." Federal Habeas Manual § 11:42. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" § 2244(b)'s second or successive requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[1] The Court held that a Rule 60(b) motion must be construed as a

---

[1] Rule 12 of the Rules Governing Section 2254 Cases provides that the Federal Rules of Civil Procedure apply in habeas corpus proceedings only "to the extent that they *are not inconsistent* with any statutory provisions or these rules[.]" (Emphasis added).

2

habeas application subject to § 2244(b)'s requirements when it advances one or more "claims."[2] Gonzalez, 545 U.S. at 531-32. The Court further held that a Rule 60(b) motion is a "true" 60(b) motion if it challenges only a procedural ruling of the habeas court that precluded a merits determination of the habeas application, id. at 532 n.4, or challenges a defect in the integrity of the federal habeas proceedings, such as an assertion of fraud, id. at 532.

Thus, when a document designated as a Rule 60(b) motion is filed with the district court in a habeas case, the court must first determine, using the criteria outlined in Gonzalez, whether the motion is a true Rule 60(b) motion or is actually a second or successive habeas petition. If the court concludes that the motion is a true Rule 60(b) motion, the motion should be ruled upon in the manner any other Rule 60(b) motion would be. Gonzalez, 545 U.S. at 533-36. See also Pridgen v. Shannon, 380 F.3d 721, 727-28 (3d Cir. 2004). If, however, the court concludes that the motion is actually an unauthorized second or successive habeas petition, it should be dismissed for lack of subject matter jurisdiction. Id. at 531-32; Pridgen, 380 F.3d at 725; Robinson, 313 F.3d at 139.

## II.

In his motion, Petitioner claims that he is entitled to relief from this court's judgment pursuant to Rule 60(a), which provides that "[t]he court may correct a clerical mistake or a

---

[2] The Court explained that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." Gonzalez, 545 U.S. at 532. Where "[a] motion … seeks to add a new ground for relief" it obviously is advancing a "claim." Id. So is a motion that "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim previously denied presents a "claim." Id.

mistake arising from oversight or omission whenever one if found in a judgment, order, or other part of the record." He also makes unsupportable allegations of mistake and fraud and asserts that he is entitled to relief pursuant to Rule 60(b). None of the arguments that Petitioner makes in his motion warrants relief under Rule 60(a) or Rule 60(b). To the extent that Petitioner is challenging a procedural ruling that this court made when it disposed of his habeas petition, or is challenging a defect in the integrity of this federal habeas proceedings, that portion of his motion is denied and a certificate of appealability is denied.

In the remainder of Petitioner's motion, in which he asserts he entitled to relief under Rule 60(b), he is, in actuality, attacking this court's previous resolution of his claims on the merits and advancing "claims" for habeas relief. Therefore, this portion of Petitioner's motion must be construed as an unauthorized second or successive petition and it is dismissed for lack of jurisdiction. A certificate of appealability is denied as to this portion of Petitioner's motion as well.

An appropriate order follows.

October 15, 2015

BY THE COURT:

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge